Sean Kealii Enos (#023634)
SCHMEISER, OLSEN & WATTS, LLP
18 E. University Drive, Suite 101
Mesa, Arizona 85201
Telephone: (480) 655-0073
Facsimile: (480) 655-9536
kenos@IPlawUSA.com

Attorneys for Jupiter Research, LLC

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VPR Brands, LP<br><br>    Plaintiff,<br><br>  v.<br><br>Jupiter Research, LLC,<br><br>    Defendants. | Case No. 2:20-cv-02185-DJH<br><br>**DEFENDANT JUPITER RESEARCH, LLC'S ANSWER AND COUNTERCLAIMS** |

Defendant Jupiter Research, LLC, (hereinafter "Jupiter" and/or "Defendant"), by and through undersigned counsel, answers the Complaint by Plaintiff VPR Brands, LP (hereinafter "VPR" or "Plaintiff") in paragraphs numbered and sections labeled to correspond to the Complaint as follows:

**NATURE OF THE LAWSUIT**

1. With respect to paragraph 1 of the Complaint, the allegations therein are conclusions of law to which no response is required. To the extent that a response may be required, Defendant admits that Plaintiff purports to allege claims under the Patent laws of the United States, Title 35 of the United States Code, but denies any

wrongdoing or liability for the reasons stated herein. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. With respect to paragraph 2 of the Complaint, the allegations therein are conclusions of law to which no response is required. To the extent that a response may be required, Defendant admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 and 35 U.S.C. § 271 over the claims purportedly arising under the Patent laws of the United States. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 2 of the Complaint.

3. With respect to paragraph 3 of the Complaint, the allegations therein are conclusions of law to which no response is required. To the extent that a response may be required, Defendant admits personal jurisdiction is proper in this district for the claims purportedly arising under the Patent laws of the United States. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 3 of the Complaint.

4. With respect to paragraph 4 of the Complaint, the allegations therein are conclusions of law to which no response is required. To the extent that a response may be required, Defendant admits venue is proper in this district for the claims purportedly arising under the Patent laws of the United States. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 4 of the Complaint.

## THE PLAINTIFF

5. With respect to paragraph 5 of the Complaint, Defendant is without sufficient information to form a belief about the truth of the allegations therein, and therefore denies the same.

## THE DEFENDANT

6. With respect to paragraph 6 of the Complaint, Defendant admits that Jupiter research, LLC is an Arizona limited liability company with its principal place of business at 2801 E. Camelback Road, Suite 180, phoenix, AZ 85016 and that DCMP Service Co. LLC is its registered agent. Defendant is without knowledge or information sufficient to form a belief about the truth of remaining allegations therein, and therefore denies same.

**FACTS**

7. With respect to paragraph 7 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore denies the same.

8. With respect to paragraph 8 of the Complaint, Defendant is without sufficient information to form a belief about the truth of the allegations contained therein, and therefore denies the same.

9. With respect to paragraph 9 of the Complaint, Defendant is without sufficient information to form a belief about the truth of the allegations contained therein, and therefore denies the same.

10. With respect to paragraph 10 of the Complaint, Defendant is without sufficient information to form a belief about the truth of the allegations contained therein, and therefore denies the same.

11. With respect to paragraph 11 of the Complaint, Defendant admits the '622 Patent appears to disclose an electronic cigarette but is without sufficient information to form a belief about the truth of the remaining allegations contained therein, and therefore denies the same.

12. With respect to paragraph 12 of the Complaint, the allegations therein are conclusions of law to which no response is required. To the extent that a response may

be required, Defendant is without sufficient information to form a belief about the truth of the allegations contained therein, and therefore denies the same.

13. With respect to paragraph 13 of the Complaint, the allegations therein are conclusions of law to which no response is required. To the extent that a response may be required, Defendant is without sufficient information to form a belief about the truth of the allegations contained therein, and therefore denies the same.

14. With respect to paragraph 14 of the Complaint, Defendant admits that Exhibit 1 includes a document purported to be a copy of the '622 Patent.

## THE PLAINTIFF'S PATENTS

15. With respect to paragraph 15 of the Complaint, Defendant is without sufficient information to form a belief about the truth of the allegations contained therein, and therefore denies the same.

## DEFENDANT'S PRODUCTS

16. With respect to paragraph 16 of the Complaint, Defendant admits that it makes, uses, imports, offers for sale, and sells one or more vape products. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. With respect to paragraph 17 of the Complaint, Defendant admits that one of Jupiter's products is known as LIQUID 6.

18. With respect to paragraph 18 of the Complaint, inasmuch as the scope of the terms describing the elements of Defendant's LIQUID 6 product and the manner in which those elements interact has not been determined the allegations therein are conclusions of law to which no response is required. To the extent that a response may be required, Defendant is without sufficient information to form a belief about the truth of the allegations contained therein, and therefore denies same.

19. With respect to paragraph 19 of the Complaint, inasmuch as the scope of the terms describing the elements of Defendant's LIQUID 6 product and the manner in which those elements interact has not been determined the allegations therein are conclusions of law to which no response is required. To the extent that a response may be required, Defendant is without sufficient information to form a belief about the truth of the allegations contained therein, and therefore denies same.

20. With respect to paragraph 20 of the Complaint, inasmuch as the scope of the terms describing the elements of Defendant's LIQUID 6 product and the manner in which those elements interact has not been determined the allegations therein are conclusions of law to which no response is required. To the extent that a response may be required, Defendant is without sufficient information to form a belief about the truth of the allegations contained therein, and therefore denies same.

21. With respect to paragraph 21 of the Complaint, Defendant denies the allegations contained therein.

22. With respect to paragraph 22 of the Complaint, Defendant denies the allegations contained therein.

23. With respect to paragraph 23 of the Complaint, the allegations therein are conclusions of law to which no response is required.  To the extent that a response may be required, Defendant denies the allegations contained therein.

24. With respect to paragraph 24 of the Complaint, the allegations therein are conclusions of law to which no response is required.  To the extent that a response may be required, Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. With respect to paragraph 25 of the Complaint, Defendant denies the allegations contained therein.

26.     With respect to paragraph 26 of the Complaint, Defendant denies the allegations contained therein.

27.     With respect to paragraph 27 of the Complaint, the allegations therein are conclusions of law to which no response is required.  To the extent that a response may be required, Defendant denies the allegations contained in paragraph 27 of the Complaint.

**COUNT I –DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,205,622**

28.     Defendant incorporates all of the answers in the above paragraphs as if fully set forth herein.

29.     With respect to paragraph 29 of the Complaint, Defendant denies the allegations contained therein.

30.     With respect to paragraph 30 of the Complaint, Defendant denies the allegations contained therein.

31.     With respect to paragraph 31 of the Complaint, Defendant admits that no license, permission, or authorization exists between Plaintiff and Jupiter Research, LLC. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 31 of the Complaint.

32.     With respect to paragraph 32 of the Complaint, the allegations therein are conclusions of law to which no response is required.  To the extent that a response may be required, Defendant denies the allegations contained in paragraph 32 of the Complaint.

**COUNT II – INDIRECT INFRINGEMENT OF U.S. PATENT NO. 8,205,622**

33.     Defendant incorporates all of the answers in the above paragraphs as if fully set forth herein.

34. With respect to paragraph 34 of the Complaint, Defendant denies the allegations contained therein.

35. With respect to paragraph 35 of the Complaint, Defendant admits that no license exists between Plaintiff and Jupiter Research, LLC. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. With respect to paragraph 36 of the Complaint, the allegations therein are conclusions of law to which no response is required.  To the extent that a response may be required, Defendant denies the allegations contained in paragraph 36 of the Complaint.

## PRAYER FOR RELIEF

37. Defendant denies that Plaintiff is entitled to any of the relief sought in its prayer for relief from Defendant, including that requested in subparagraphs A through H.

## REQUEST FOR JURY TRIAL

38. With respect to paragraph of the Complaint following the "JURY DEMAND" header, the allegation sets forth Plaintiff's demand for a jury trial to which no response is required.

## GENERAL DENIAL

39. Defendant denies each and every allegation not specifically admitted herein.

## FURTHER ANSWER AND AFFIRMATIVE DEFENSES

40. By way of further Answer and as Affirmative Defenses, Defendant denies that it is liable to Plaintiff on any of the claims alleged, and denies that Plaintiff is entitled to damages, equitable relief, or to any relief whatsoever, and states as follows:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

41. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Non-Infringement)**

42. Defendant does not and has not infringed, directly, indirectly, contributorily, by inducement, literally or under the doctrine of equivalents, willfully or in any other manner, any valid and enforceable claim of United States Patent Number 8,205,622 (the "'622 Patent").

**THIRD AFFIRMATIVE DEFENSE**
**(Invalidity)**

43. One or more claims of the '622 patent are invalid and unenforceable for failure to comply with one or more of the requirements set forth in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

**FOURTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel and Disclaimer)**

44. Prosecution history estoppel based on the actions and/or statements of applicant during prosecution of the '622 patent bars the relief sought by Plaintiff in whole or in part as to the '622 patent.

**FIFTH AFFIRMATIVE DEFENSE**
**(Waiver, Laches, Acquiesecence, Consent, and Estoppel)**

45. Each of the purported claims set forth in this Complaint is barred in whole or in part by the doctrines of waiver, laches, acquiescence, consent, and/or estoppel.

**SIXTH AFFIRMATIVE DEFENSE**
**(Statutory Damage Limitations)**

46. The relief sought by Plaintiff is limited by the marking and/or time provisions of 35 U.S.C. §§ 286 and/or 287.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

47.     The claims are barred or limited by the doctrine of unclean hands.

## ADDITIONAL DEFENSES

48.     Defendant reserves the right to assert additional defenses based on information learned or obtained during discovery.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint, Defendant prays for judgment as follows:

A. That Plaintiff take nothing by way of its Complaint;

B. That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice;

C. That Defendant be awarded its costs of suit incurred herein, including attorneys' fees and expenses; and,

D. For such other and further relief as the Court may deem just and proper.

## COUNTERCLAIMS

COMES NOW, Defendant and Counterclaimant Jupiter Research, LLC for its Counterclaims against Plaintiff, and states as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Jupiter Research, LLC. ("Jupiter" and/or "Counterclaimant") is an Arizona corporation doing business in Maricopa County, Arizona.

2.      Plaintiff VPR Brands, LP. (hereinafter "Plaintiff" or "VPR") has alleged that it is a limited partnership organized and existing under the laws of the State of

Delaware and authorized to do business with Florida, with its principal place of business at 3001 Griffin Road, Fort Lauderdale, FL 33312.

3. VPR claims to be the assignee of all the rights in and title to United States Patent No. 8,205,622 ("the '622 Patent").

4. This counterclaim arises under the Federal Declaratory Judgment Act and the Patent Laws of the United States of America. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 and Federal Rule of Civil Procedure 13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5. As a result of the allegations made by VPR in its Complaint, and statements made previously by VPR, an actual controversy exists between VPR and Jupiter as to the non-infringement and invalidity of the '622 Patent.

**COUNT 1 – DECLARATION OF INVALIDITY**

6. Jupiter incorporates the allegations of Paragraphs 1-5 of its Counterclaim, as if fully set forth herein.

7. VPR states that it is the assignee and owner of the '622 Patent.

8. The '622 Patent is invalid under one or more provisions of the Patent Laws, 35 U.S.C. § 1, *et seq.*, including, but not necessarily limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

9. There has been, and is now, a substantial and continuing justiciable controversy between Jupiter and VPR as to the validity of the '622 Patent.

**COUNT 2 – DECLARATION OF NON-INFRINGEMENT**

10. Jupiter incorporates the allegations of Paragraphs 1-9 of its Counterclaim, as if fully set forth herein.

11. Jupiter has never directly, indirectly, or contributorily infringed or induced infringement of the '622 Patent.

12. There has been, and is now, a substantial and continuing justiciable controversy between Jupiter and VPR as to the non-infringement of the '622 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Jupiter respectfully requests that judgment be entered in its favor on its Counterclaims and against VPR:

    A. Declaring that Jupiter is not now and has never infringed, directly, indirectly, or contributorily, the '622 Patent;

    B. Declaring that the '622 Patent is invalid under one or more provisions of the Patent Laws, 35 U.S.C. § 1, *et seq.*, including, but not necessarily limited to, 35 U.S.C. §§ 101, 102, 103, and 112;

    C. Finding that this case is exceptional and awarding Jupiter its reasonable attorneys' fees and costs under 35 U.S.C. § 285; and,

    D. Granting Jupiter such other relief as the Court deems appropriate.

DATED this 19th day of January, 2021.

    Respectfully submitted,

    SCHMEISER, OLSEN & WATTS LLP

    By:

    */s/ Sean K. Enos*

    Sean K. Enos
    SCHMEISER, OLSEN & WATTS, LLP
    18 E. University Drive, Suite 101
    Mesa, Arizona 85201
    Attorneys for Jupiter Research, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal, of a Notice of Electronic Filing to the following CM/ECF registrants:

>Joel B. Rothman (FL Bar #98220)
>SRIPLAW
>21310 Powerline Road, Suite 100
>Boca Raton, FL 33433
>Joel.rothman@sriplaw.com
>(561) 404-4350
>(561) 404-4353 (f)
>Attorneys for Plaintiff

*/Steven Adams/*
Steven Adams