**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VPR Brands LP, | No. CV-20-02185-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Jupiter Research LLC, | |
| Defendant. | |

Pending before the Court is Defendant Jupiter Research LLC's ("Defendant") Motion to Stay Pending *Inter Partes* Review of U.S. Patent No. 8,205,622 (Doc. 30) ("Motion to Stay"). Plaintiff VPR Brands LP ("Plaintiff" or "VPR") filed a Response in Opposition (Doc. 33), and Defendant filed a Reply. (Doc. 36).

**I.   Background**

On November 13, 2020, Plaintiff filed a Complaint against Defendant alleging that Defendant's electronic cigarette, a type of "vaping" product, infringes U.S. Patent No. 8,205,622 (the "'622 Patent"). (Doc. 1). The parties have begun discovery and filed claim construction briefs. (Docs. 27; 29). Defendant accepted VPR's constructions for the three terms in dispute and thus eliminated the need for a *Markman* Hearing. (Doc. 29). The most recent Case Management Order issued April 22, 2022, pursuant to stipulation of the parties, requires the parties to provide rebuttal expert reports by May 5, 2022, and May 20, 2022, respectively. (Doc. 47). Fact and expert discovery will be complete by July 5, 2022, and dispositive motions will be filed by August 5, 2022. (*Id.*)

Plaintiff has also brought separate infringement actions involving the '622 Patent against five other defendants in Tennessee, California, Massachusetts, and New York: *VPR Brands LP v. MONQ, LLC.*, Case No. 3:21-cv-00172 (M.D. Tenn.); *VPR Brands LP v. Cool Clouds Dist., Inc.*, Case No. 2021-cv-01116 (C.D. Cal.); *VPR Brands LP v. PHD Marketing, Inc.*, Case No. 2021-cv-03797 (C.D. Cal.); *VPR Brands LP v. BAE Worldwide, LLC*, Case No. 2021-cv-10971 (D. Mass.); *VPR Brands LP v. Myle Vape, Inc. et al*., Case No. 2021-cv-02445 (E.D.N.Y.).

On December 20, 2021, Defendant filed its *Inter Partes* Review ("IPR") petition with the U.S. Patent and Trademark Office's ("USPTO") Patent Trial and Appeal Board ("PTAB") challenging Claims 13–18 of the '622 Patent in the Complaint. (Doc. 30 at 3). IPR allows any person to challenge the patentability of any issued patent claims under Sections 102 and 103 of the Patent Act. *See* 35 U.S.C. § 311. The IPR proceeding includes two stages: a preliminary stage, in which the USPTO determines whether to institute an IPR, and a trial stage, where it renders a final written decision. 35 U.S.C. §§ 314-16.

During the preliminary stage, the patent owner has three months to respond to the petition, and then the USPTO has three months to "determine whether to institute an *inter partes* review." 35 U.S.C. § 314. The USPTO may institute an IPR only if it determines there "is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." § 314(a). If the USPTO institutes an IPR, it must issue a final written decision on patentability within one year.[1] § 316(a)(11). The decision may be appealed to the Federal Circuit. § 319.

Defendant states that the USPTO is expected to issue a determination on whether to institute an IPR on or around June 20, 2022. (Doc. 30 at 4). Defendant seeks to temporarily stay this case pending the USPTO's decision to institute IPR and requests that if the USTPO decides to institute IPR, that the case be stayed pending conclusion of the review. (*Id.* at 2). Defendant argues allowing the USPTO to determine the patent validity of the claims will conserve resources of the parties and the Court because if Defendant prevails

---

[1] The time may be extended up to six months for good cause.

in the IPR as to some or all of its claims, this case will either be rendered moot or simplified. (*Id.*)

Plaintiff argues a stay is not justified because the USPTO has not yet decided to institute IPR and is unlikely to do so because Defendant's IPR petition is procedurally and substantively deficient. (Doc. 33 at 8). Plaintiff further argues a stay will not simplify the issues and will unduly prejudice Plaintiff. (*Id.* at 19).

## II.     Legal Standard

"A court's power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. In deciding how best to exercise this inherent power, the court must weigh competing interests and maintain an even balance." *Drink Tanks Corp. v. GrowlerWerks, Inc.*, 2016 WL 3844209, *2 (D. Or. 2016) (citation and internal quotation marks omitted).

In deciding whether to stay litigation pending IPR, courts generally consider the following three factors: (1) "whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Id.* (citation omitted). Courts also consider whether "the outcome of the reexamination [or IPR] would be likely to assist the court in determining patent validity and, if the claims were cancelled in the reexamination [or IPR], would eliminate the need to try the infringement issue." *Id.* (citation omitted). "The party requesting the stay has the burden of showing that the circumstances justify an exercise of [the court's] discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

Courts generally "apply a liberal policy in favor of granting motions to stay proceedings pending the outcome of PTO IPR proceedings . . . [but] the totality of the circumstances governs . . . and a stay is never required." *Drink Tanks*, 2016 WL 3844209 at *2 (citations and internal quotation marks omitted); *see also Medicis Pharmaceutical Corp. v. Upsher-Smith Laboratories*, Inc., 486 F. Supp. 2d 990, 993 (D. Ariz. 2007)

(citations omitted) (finding "district courts within this Circuit have noted that 'there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination . . . proceedings'").

## III. Discussion

### 1. Defendant's IPR Petition under 35 U.S.C. § 315(b)

Plaintiff first argues a stay is not justified because Defendant's IPR petition is procedurally deficient. (Doc. 33 at 8). Specifically, Plaintiff argues Defendant's IPR petition is time-barred under 35 U.S.C. § 315(b) because Defendant did not file its petition within the one-year timeframe. (*Id.* at 16). Whether Defendant's IPR petition is time-barred under 35 U.S.C. § 315(b) is a question for the PTAB, not this Court. *See Thryv, Inc v. Click-To-Call Techs., LP*, 140 S. Ct. 1367 (2020) (finding that, because § 315(b)'s time limitation is an integral condition to institute an *inter partes* review, it is not judicially reviewable). Because the PTAB has yet to decide whether Defendant's IPR petition is timely, it would be premature for this Court to consider this issue as a justification to deny the stay.

### 2. Stay Factors

#### a. Stage of Litigation

The Court considers first "whether discovery is complete and whether a trial date has been set." *Drink Tanks*, 2016 WL 3844209 at *2. Defendant argues this factor supports granting a stay because: (1) discovery is in its early stages and ongoing; (2) only one fact deposition has been taken and no expert discovery has taken place; (3) no summary judgment motions or *Daubert* motions have been filed; and (4) no trial date has been set. (Doc. 30 at 9). In Response, Plaintiff contends that: (1) discovery is far advanced, as the parties have provided multiple rounds of document production, taken the deposition of Defendant's Corporate representative, and noticed depositions of VPR's corporate representative and the '622 Patent inventor for February 2022; (2) the parties have completed their claim constructions; (3) pre-trial disclosures and dispositive motions are due within the next year; and (4) the parties have invested substantial time and resources

into this case. (Doc. 33 at 22–23).

The Court finds this factor weighs in favor of granting the stay. "Generally, the time of the motion is the relevant time to measure the stage of litigation." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1317 (Fed. Cir. 2014). Here, at the time Defendant filed its motion, only one fact deposition had been taken, expert discovery was ongoing, no dispositive motions had been filed, and a trial date had not been set. Courts have found a stay is generally warranted under such circumstances. *See, e.g.*, *Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, 2015 WL 1809309, *1–2 (C.D. Cal. 2015)* (first factor weighed in favor of stay where "fact discovery [was] not yet complete, expert discovery ha[d] not yet begun, and a trial date ha[d] not yet been set," and "although the parties ha[d] submitted claim construction briefs, the *Markman* hearing ha[d] not yet taken place and no disputed claim terms ha[d] been construed by th[e] Court"). While the parties are engaged in discovery and have submitted claim construction briefs, the Court has not entered a claim construction order and no trial date has been set. *See Universal Elec. Inc. v. Universal Remote Control, Inc.*, 943 F.Supp.2d 1028, 1031 (C.D. Cal. 2013) ("The Court's expenditure of resources is an important factor in evaluating the stage of the proceedings."); *Convergence Techs. (USA), LLC v. Microloops Corp.*, 2012 WL 1232187, *4 (N.D. Cal. 2012) (finding where discovery was not complete and the court had not set a trial date or determined claim constructions, the "case ha[d] not reached the 'point of no return' for which a stay would [be] inappropriate"). Finally, the Court notes the parties filed a stipulation to extend discovery deadlines less than two weeks ago and thus discovery is not as far advanced as Plaintiff contends. (Doc. 46).

On balance, the first factor weighs in favor of granting a stay.

**b.  Simplification of Issues in Question**

The Court next considers "whether a stay will simplify the issues in question and trial of the case." *Drink Tanks*, 2016 WL 3844209 at *2. Defendant argues this factor supports granting a stay because: (1) the IPR petition challenges all of the asserted claims, which, if successful on all six asserted claims, would eliminate the need for trial entirely;

- 5 -

(2) even if the Board's final written decision invalidates some, but not all of the claims, the issues in this case will be simplified; and (3) each claim invalidated by the Board removes the need to assess validity or infringement of that claim in this action. (Doc. 30 at 6–8). In Response, Plaintiff contends that: (1) infringement can be determined on summary judgment using the parties' agreed upon claim construction; and (2) even if the IPR is instituted, it will not "resolve all issues in the litigation," and substantial questions of invalidity will remain for adjudication by this court. (Doc. 33 at 20–21).

The Court finds staying the proceedings will simplify the issues in the present case because it "could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, 2015 WL 545534, *3 (N.D. Cal. 2015) (citation omitted); *see also Evolutionary Intelligence LLC v. Yelp Inc.*, 2013 WL 6672451, *6 (N.D. Cal. 2013) ("[I]f the PTAB cancels all of the asserted claims of the Asserted Patents, this action will be rendered moot. Should the PTAB cancel or narrow any of the asserted claims of the Asserted Patents, the scope of this litigation may be significantly simplified.").

The Court finds there is a likelihood that at least some of Plaintiff's claims will be invalidated or narrowed. Moreover, even if some of VPR's claims survive IPR, Defendants will be estopped from arguing "that the claim is invalid on any ground that [Defendants] raised or reasonably could have raised during that *inter partes* review." 35 U.S.C. § 315(e)(2). Thus, whether any or all of the claims are invalidated, a stay will simplify the issues for the Court; the second factor therefore weighs in favor of granting a stay.

### c. Prejudice to the Non-Moving Party

The third factor is "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Drink Tanks*, 2016 WL 3844209 at *2. "Delay alone does not usually constitute undue prejudice, because parties having protection under the patent statutory framework may not 'complain of the rights afforded to others by that same statutory framework.'" *GoPro, Inc. v. C&A Mktg., Inc.*, 2017 WL 2591268, at *4

(N.D. Cal. June 15, 2017) (citation omitted).  The Court considers four sub-factors in evaluating prejudice: "(1) the timing of the [IPR] request; (2) the timing of the request for stay; (3) the status of [IPR] proceedings; and (4) the relationship of the parties." *Id.* (citation omitted).

### i. Timing of IPR Requests

Defendant filed its IPR petition December 20, 2021.  Defendant contends this filing was four months after a telephone discussion between counsel for Jupiter and VPR, where the parties attempted to clarify claim terms and "the basis for VPR's infringement contentions . . . and less than one month after VPR's service of its response to Jupiter's interrogatory requesting identification of the specific asserted claims." (Doc. 30 at 10). Defendant further notes the parties were still engaged in discussions attempting to address claim construction issues until early December.  (*Id.*)  Plaintiff argues Defendant waited until the last second to gain tactical advantage and provided no explanation for its unjustifiable delay other than tactical gamesmanship.  (Doc. 33 at 17).  Plaintiff thus contends Defendant has not demonstrated diligence.  (*Id.*)

Although Defendant filed its IPR on the last day available, the Court will not hold the prejudice factor against Defendant because "it was Congress that concluded that parties could wait up to one year before petitioning for IPR." *See e-Imagedata Corp v. Digital Check Corp*, 2017 WL 657462, at *3 (E.D. Wis. Feb. 17, 2017) (finding defendant's decision to wait until the last day to request IPR did not "reek of gamesmanship" because that was the deadline under which Congress allowed). Furthermore, petitioning for IPR mere months after the parties discussed Plaintiff's infringement contentions and less than one month after Plaintiff's Response to Defendant's interrogatory requesting identification of the specific asserted claims does not constitute a lack of diligence on Defendant's part. *See e.g.*, *GoPro*, 2017 WL 2591268 at *5 (finding reasonable diligence where moving party waited four months after receiving infringement contentions to petition for IPR). Moreover, "courts have found that waiting until after receiving infringement contentions to analyze the claims alleged and then filing petitions for review does not cause undue

prejudice." *Cypress Semiconductor Corp. v. GSI Tech., Inc.*, 2014 WL 5021100, *4 (N.D. Cal. Oct. 7, 2014). This sub-factor, thus, weighs in favor of granting the stay.

### ii. Timing of Request for Stay

Defendant filed its stay request within one week of its filing of the IPR petition against all of the asserted claims. Thus, Defendant did not unduly delay the case in moving for a stay. This sub-factor therefore weighs in favor of granting the stay.

### iii. Status of the IPR Proceedings

The USPTO is expected to issue a decision on whether to initiate IPR by mid-June— less than two months from now. If IPR is not instituted, the stay will be lifted, and the case will proceed with only a slight delay. *See Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) (finding a stay was warranted while the PTO made its determination as to whether to proceed with IPR because the case would only be delayed by one month if the request was denied). The Court therefore finds this sub-factor weighs in favor of granting the stay.

### iv. Relationship of Parties

VPR argues that because Defendant is a direct competitor in the electronic cigarette market, a stay will prejudice VPR's "timely enforcement of its right to exclude." (Doc. 33 at 19). Plaintiff further contends infringement among competitors causes harm in the marketplace that is not compensable by money damages. (*Id.*) Defendant argues that it is not a direct competitor because, although VPR provided a catalog of electronic cigarettes, none of them appear to be sold by VPR. (Doc. 36 at 11). Defendant adds that VPR did not request a preliminary injunction and suggests its failure undercuts any claim of prejudice resulting from a stay. (Doc. 30 at 14).

At the outset, the Court rejects Defendant's argument that Plaintiff will not suffer prejudicial harm from a stay because Plaintiff did not request a preliminary injunction. *See Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1034 (C.D. Cal. 2013) (finding "[t]he fact that Plaintiff did not seek a preliminary injunction does not mean that it would not suffer prejudicial harm from its competitor's market activity during

a lengthy delay in the case"); *but see GoPro*, 2017 WL 2591268 at *6 ("[T]hough not dispositive, [plaintiff's] failure to seek a preliminary injunction cuts against its claim of prejudice from delay."). Although courts are divided on the significance of a plaintiff's decision not to seek a preliminary injunction, the Court agrees with the *Wonderland* court that Plaintiff's decision "not to seek a preliminary injunction does not conclusively establish that monetary relief is sufficient to compensate for harm suffered by the alleged infringement." *Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, 2015 WL 1809309, at *5 (C.D. Cal. Apr. 20, 2015).

"Courts are generally reluctant to stay proceedings where the parties are direct competitors." *See VPR Brands, LP v. MONQ, LLC*, 2022 WL 1196979, at *3 (M.D. Tenn. Apr. 21, 2022) (citations omitted). This is because "[w]here the parties are direct competitors, a patent infringer can take market share and build brand loyalty while the case is pending, and these injuries may not be recoverable in damages or later injunctive relief." *Parsons Xtreme Golf LLC v. Taylor Made Golf Co. Inc.*, 2018 WL 6242280, at *6 (D. Ariz. Nov. 29, 2018). The main question is whether "monetary damages are sufficient to compensate for harm incurred during a potential stay." *Id.* (citation omitted).

The parties have not provided enough information for the Court to fully consider the extent to which VPR and Defendant compete in the marketplace or the potential impact of the stay on VPR's market share. Although VPR argues it is a "direct competitor" of Defendant, the declaration of VPR's CEO, Kevin Frija, is devoid of any statements about its sales. (Doc. 33-16 at 1–2). VPR merely provides this Court with VPR's product catalog without further explanation. (Doc. 33-17). There is no information from which the Court can determine the extent to which Plaintiff may suffer monetary or other harm. Notwithstanding the lack of explanation, the Court accepts that the parties appear to operate in the same market and finds there is a potential for undue prejudice stemming from the parties' relationship and thus find this sub-factor tips in favor of denying the stay.

On balance, the Court concludes the prejudice factor is neutral. Although the relationship between the parties creates a potential for prejudice, Defendant acted with

diligence in seeking IPR and in seeking a stay. Moreover, even if IPR is not instituted, the case will have experienced only a slight delay.

## IV. Conclusion

In consideration of all the factors, the Court finds that a stay is warranted. As the court noted in the concurrent Tennessee litigation, if IPR is instituted, "there is an 80% chance that some or all of the claims will be invalidated, which would result in significant conservation of resources for the parties and the Court." *VPR Brands, LP*, 2022 WL 1196979, at *4 (granting defendant's motion for stay in related case). Thus, because the Court finds the benefits of allowing the USPTO to resolve the patentability issues outweigh any potential harm that could result from the stay, the Court grants Defendant's Motion to Stay.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Stay Pending *Inter Partes* Review (Doc. 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending *Inter Partes* Review. Regardless of the outcome of the decision, the parties shall file a notice with the Court within 10 days of the decision regarding institution of IPR. If the petition for IPR is denied, the parties shall request the stay be lifted and propose new case management deadlines. If IPR is instituted, the stay will remain in effect pending final decision by the USPTO.

Dated this 5th day of May, 2022.

Honorable Diane J. Humetewa
United States District Judge